United States District Court
Eastern Division of California
Sacramento Division
501 I Street
Sacramento, CA 95814

Complaint

**FILED**

NOV - 5 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

**PLAINTIFF**

THOMAS J. McMASTERS-STONE,
and the People of the United States

V.

**DEFENDANTS**

2:12 - CV - 2 7 1 1 GEB DAD PS

VICE-PRESIDENT JOSEPH BIDEN, and
99 UNITED STATES SENATORS AND THE SENATE
STAFF, in their official capacity,
AND CERTAIN SENATE RULES, PRACTICES, AND PROCEDURES.
Senator Bernie Sanders (I-VT.) and his staff are
excluded.

---

If the Court requires Plaintiff to amend this action, and list the names of all 99 Senators, he will do so.

Plaintiff is requesting a waiver of the fees of the U. S. Marshals for service of this action. At the time of filing, neither the Washington nor Sacramento offices had returned two phone calls of inquiry each.

The Constitution of the United States was ratified into law over 200 years ago. Article I, Section 5 gives the Senate the right to establish "Rules of its Proceedings".

In implementing their rules, the Senate has assumed powers not granted by the Constitution. The Constitution is clear: "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."

"Rules" are not "powers".

Specifically, for some time now, the Senate has required 60 votes, instead of a simple majority, in order to forward bills to the House or the President. The framers of the Constitution gave serious consideration to what actions by Congress should require a simple

majority vote, and what issues were important enough to require a greater consensus. As a result of those deliberations, we have a 2/3 voting benchmark for impeachment convictions, as well as for amendments to the Constitution. No such added weight was given, expressly or implied, to the day-to-day business of Congress.

By requiring 60 votes, the Senate is diluting Plaintiff's votes cast for United States Senator, and the votes so cast by every single American citizen. Individually, the injury varies- cumulatively, the injury is devastating, as it also is by the 267 bills currently residing in the House, unacted upon by the Senate.

Cloaking the 3/5 voting requirement under "Cloture" or "Debate" does not change the facts.

Nothing herein is intended to call into question the Committee system used by the Senate, as it is currently structured and functioning. The privilege accorded the majority party seems reasonable and appropriate, barring any changes the Senate might consider in reaction to an unfavorable decision by the Court, in an attempt to retain the 3/5 voting threshold by other means.

The Veterans Job Bill of 2012 (September) is put forth as a recent example of the will of the majority of Senators being thwarted.

As stated, there are over 250 bills in the House awaiting action by the Senate, and most of them are languishing there at the whim of a single Senator. Assuming that at least some of those bills would be passed and signed into law by the President, every day they sit there, citizens of this country are suffering significant and negative financial, job, health, educational, and other injury, including our military veterans, to whom we owe so much. Also as stated, the individual injury ranges, but for some it is devastating.

As the Court knows, the filibuster was instituted by the Senate years ago to make sure that proper discussion took place for items under consideration, to ensure that the majority did not stifle the testimony of the minority on any particular issue. Over the ensuing years, the filibuster has been transformed, whereupon, now, if not before, it has achieved unconstitutional status.

As currently structured, the use of the filibuster constitutes an unconstitutional, single-senator veto. No testimony, no debate, no deliberation and/or consent of the majority of Senators present.

There is also no authority given by the Constitution, expressed or implied, to fail to accept and take action on bills sent to the Senate by the House. Plaintiff believes it is the Senate's mandate to act upon whatever is forwarded to them. Granted, items received may be prioritized on the docket, as is done in the House, and have no action taken because of time constraints that occur before that session of Congress expires- as also occurs in the House.

Plaintiff sees no refuge for the defendants under jurisdictional objection. Actions taken by the Senate receive judicial review often. A filibuster is an action, despite the result being an inaction.

Marbury v. Madison is clear:

'The constitution vests the whole judicial power of the United States in one supreme court, and such inferior courts as congress shall, from time to time, ordain and establish. This power is expressly extended to all cases arising under the laws of the United States; and consequently, in some form, may be exercised over the present [5 U.S. 137, 174]   case; because the right claimed is given by a law of the United States.'

And...

'If then the courts are to regard the constitution; and **the constitution is superior to any ordinary act of the legislature**; the constitution, and not such ordinary act, must govern the case to which they both apply.'

And...

'The act to establish the judicial courts of the United States authorizes the supreme court 'to issue writs of mandamus, in cases warranted by the principles and usages of law, to any courts appointed, **or persons holding office**, under the authority of the United States.'

Plaintiff sees no refuge for the defendants in the length of time they have been using these "rules". The Rules of the Senate are a single document, the Senate Manual, and they are changed in some manner, large or small, every two years- and consequently become a new document. The fact that not everything is modified does not change that. Accordingly, this action is against the current Senate Manual and rules only. Since most of the Senators who voted for, and operated under, previous Rules of the Senate are either dead or out of office, and, in the case of death, unavailable to be called upon for testimony, Plaintiff would be at an extreme disadvantage to try to deal with the filibuster from its original implementation and its evolution.

Likewise, Plaintiff sees no refuge for the Defendants in claiming that the writers of the Constitution "forgot" that they wanted to allow the Senate to use anything besides a simple majority vote. They spent years debating the document, and making sure that every detail was covered.

Neither does Plaintiff see any refuge for the Defendants in the fact that other branches of government have assumed powers not granted them by the Constitution. The most notable of these is the de facto implementation of a line item veto by Presidents with their use of Signing Statements. That's a battle that can wait for another day, and probably another plaintiff- unless, of course, the Court would like Plaintiff to amend this action to address

Signing Statements, as failure to implement portions of duly passed legislation is no less egregious and the injury the same.

Since opinion varies on the use of the filibuster and the 60-vote rule within the Senate, on the condition that Plaintiff is allowed to file written comment with the Court on any or none of Senators that accept the offer, Plaintiff offers to allow Senators to withdraw from this action. This will allow them to file Amicus Briefs, or even to join the action as Plaintiffs. Obviously, there will be no objections from the Plaintiff.

I have excluded Senator Sanders (I-VT) and his staff for two reasons: Plaintiff is also an Independent and Plaintiff needed a senator and staff of whom Plaintiff could ask questions. As Plaintiff is not a citizen of Vermont, neither Senator Sanders nor his staff would be talking to Plaintiff in their official capacity, but as individuals. Plaintiff has not discussed this with Senator Sanders or his staff at the time of filing.

The Court cannot allow the 60-vote rule to stand. This case is not just about the 60-vote rule, it is also about whether or not the Senate has the right to use anything other than a simple majority voting rule. If they have the authority to set it at 60, they also have the right to set it wherever they wish, at 65 or 70- or even 40.

Plaintiff would point out the current political climate. While it is Republicans who are the current obstructionists, Plaintiff will use Democrats as an example.

Assume there are 65 Democrats in the Senate, and 35 Republicans. By establishing a 40-vote rule, up to 25 Democratic Senators facing a looming tough re-election campaign could be absent and not required to vote on contentious issues- and still achieve their real wishes.

Plaintiff has served 30 years in the fire service, retiring as a Battalion Chief, and has served 12 years as a City Councilman, but Plaintiff has no formal legal training. Accordingly, Plaintiff would ask for the Court's indulgence, latitude, and patience with him during this process. This issue is too important to be dismissed over a technicality.

*Thomas J McMasters-Stone*

Thomas J. McMasters-Stone
PO Box 755
Winters, CA 95694-0755
530-795-4427
Facebook: http://www.facebook.com/SenateLawsuit
Blog: www.SenateLawsuit.blogspot.com/